Landon, J.
In Adams v. Kavanaugh (37 Hun, 232), the plaintiff sought to foreclose a mortgage. The defendant interposed two defenses: 1. That the interest had been paid; 2. That the mortgage was usurious.
The plaintiff obtained an order for the defendant’s examination. In his affidavit he alleged that he desired to prove by the defendant that the interest had not been paid, and that the mortgage was not usurious. The court held that he was not entitled to the examination. The court held that the plaintiff’s examination of the defendant under section 870 of the Code of Civil Procedure, must be confined to facts which tend to establish the plaintiff’s cause of *426 action, and he could not thus compel the defendant to disclose the facts constituting his defense.
In Fourth National Bank v. Boynton (29 Hun 441), the plaintiff sued upon a promissory note; the sole defense was usury. To this alleged usury the plaintiff was not a party. The plaintiff sought to examine the defendant before trial with respect to the alleged usurious transaction, but the court held that the Code afforded the plaintiff no such right, that the plaintiff could only examine the defendant before trial to establish his own case.
Chapin v. Thompson was in this department. We did not hold that the Code of Civil Procedure did not confer the power upon the court to grant an order to permit the plaintiff to examine the defendant relative to his defense, but held that in that case it ought not in the exercise of a wise discretion to be granted, we do not perceive that the statute necessarily limits the examination to the case alleged in the pleading of the moving party. The 873d section authorizes the judge granting the order in his discretion to “designate and limit the particular matters as to which he shall be examined.” This clause enables the judge to confine the examination to the moving party’s case, or, if “it is material and necessary for the party making the application ” to examine his adversary respecting the latter’s case, then to confine the examination within such limits as may seem to be reasonable.
In the present case, however, it is plain that the defendant wishes to make very much such an examination as we refused in Chapin v. Thompson.
We conclude, therefore, to affirm the order, without passing upon the question whether in any case a party may examine his adversary before trial upon the latter’s alleged case
Order affirmed, with ten dollars costs and printing disbursements.
Learned, P. J., and Mayham, J., concur.